IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMY STEERS
and
SCOTT STEERS,
   *Plaintiffs*,

v.

SAMSUNG ELECTRONICS
AMERICA, INC.,
   *Defendant*.

Civil Action No. ELH-18-494

**MEMORANDUM**

Plaintiffs Amy and Scott Steers filed suit on November 20, 2017, in the Circuit Court for Carroll County, against defendant Samsung Electronics America, Inc. ("Samsung"). *See* ECF 2 ("Complaint") at 1. Plaintiffs averred that their Samsung phone caught on fire. *Id.* ¶¶ 5, 6. Seeking damages in excess of $75,000, they alleged a breach of duty of good faith, fraud, and negligence. ECF 2 at 3; *id.* at ¶¶ 9-11. Samsung filed a Notice of Removal on February 16, 2018, invoking this Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332. *See* ECF 1.

Following removal, plaintiffs moved to amend the Complaint. ECF 13. The Court granted that motion. ECF 14. The amended complaint is docketed at ECF 15 ("Amended Complaint"), along with photographs of the damaged cell phone. ECF 15 at 4-10. In the Amended Complaint, plaintiffs aver breaches of the implied warranties of merchantability and fitness for particular purpose, in lieu of their earlier claims. ECF 15, ¶ 11. Moreover, they claim that they suffered smoke inhalation, property damage, and other economic losses. *Id.* ¶ 9. And, of relevance here, they now seek damages of $30,000, instead of damages in excess of $75,000. ECF 15 at 3.

On July 6, 2018, plaintiffs moved to remand. They claim that the Court "no longer has jurisdiction" because "the amount in controversy is now $30,000 for each Plaintiff." ECF 16, ¶¶ 4, 5 ("Motion"). Samsung has not opposed the Motion. *See* Docket. And, the time for it to do so has elapsed. *See* Local Rule 105.2.a.

No hearing is necessary to resolve the Motion. Local Rule 105.6. For the reasons that follow, I will deny the Motion.

**Discussion**

In order to establish the amount in controversy for purposes of diversity jurisdiction, "the sum claimed by plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *accord Choice Hotels Intern., Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d 171, 176 (4th Cir. 2007); *Joy Family Ltd. Partnership v. United Financial Banking Companies, Inc.*, 2013 WL 4647321, at *6 (D. Md. 2013); *see also Dow v. Jones*, 232 F. Supp. 2d 491, 497-98 (D. Md. 2002) ("It is well established that the sum claimed in the plaintiff's complaint determines the amount in controversy, barring bad faith or the legal impossibility of recovering such an amount.").

Of import here, in the context of actions removed from state court, the amount in controversy for jurisdictional purposes is determined at the time of removal. *See, e.g.*, *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) ("[F]ederal jurisdiction [is] fixed at the time . . . [the] notice of removal is filed."); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (citing *St. Paul Mercury Indem. Co.*, 303 U.S. at 289-90); *Trust v. Prestige Anapolis, LLC*, JMC-16-544, 2017 WL 3085680, at *16 (D. Md. July 20, 2017) ("[S]ubject matter jurisdiction is still present here because . . . the amount-in-controversy at the time of the filing was . . . above the threshold amount of $75,000."); *Francis v. Allstate Ins. Co.*,

869 F. Supp. 2d 663, 667-68 (D. Md. 2012) ("If, at [the time of removal], the parties are citizens of different states and the amount in controversy exceeds $75,000, the Court has jurisdiction on the basis of diversity—'regardless of later changes in . . . the amount in controversy.'") (quoting *Porsche Cars North America, Inc. v. Porsche.net*, 302 F.3d 248, 255-56 (4th Cir. 2002)); *Vinson v. Bank of America, N.A.*, 2011 WL 1326058, at *2 (D. Md. Apr. 4, 2011) ("[B]ecause the parties are admittedly diverse and the amount in controversy at the time of removal exceeded $75,000, this Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332."); *Floyd v. Yanonis*, 2009 WL 3231627, at *1 (D. Md. Oct. 5, 2009) (denying motion to remand and observing that, "at the time the complaint was filed and at the time of removal, the amount in controversy exceeded the statutory amount").

Notably, "the Supreme Court has held that a plaintiff with a claim potentially exceeding $75,000 'may resort to the expedient of suing for less than the jurisdictional amount, and though [the plaintiff] would justly be entitled to more, the defendant cannot remove.'" *Mary L. Martin, Ltd. v. State Auto Property and Cas. Ins. Co.*, 2013 WL 2181206, at *2 (D. Md. May 17, 2013) (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 294). But, in general, "a court determines the existence of diversity jurisdiction 'at the time the action is filed,' regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy." *Porsche Cars North America*, 302 F.3d at 255-56 (quoting *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)); *see, e.g.*, *Freeport-McMoRan, Inc.*, 498 U.S. at 428 (Supreme Court has "consistently held that if [diversity] jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events").

Numerous courts have concluded that federal courts retain subject matter jurisdiction where a plaintiff amends the complaint after removal so as to place the amount in controversy

below the jurisdictional threshold. *See, e.g.*, *Jones v. Compass Bancshares Inc.*, 339 F. App'x 410, 411 (5th Cir. 2009) ("It is well established that the amount in controversy is determined at the time of removal."); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) ("An amendment to the complaint limiting damages for jurisdictional purposes cannot divest jurisdiction" after removal); *Fryer v. ProtoHIT, Inc.*, 2012 WL 3292936, at *2 (D. Utah Aug. 10, 2012) ("'[P]laintiff's later amendment which reduced the amount in controversy does not destroy the Court's jurisdiction.'") (citation omitted); *Sell v. Hertz Corp.*, 2009 WL 2998983, at *1 (D. Utah Sept. 18, 2009) ("[I]t is well settled that once the district court's diversity jurisdiction attaches at the time of removal, a plaintiff may not subsequently divest the court of jurisdiction and force remand to state court by reducing the amount in controversy."); *Bunch v. Wal-Mart Stores, Inc.*, 2009 WL 1076162, at *3 (N.D. Ind. Apr. 20, 2009) ("[I]f it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction.").

In *Gardner v. AMF Bowling Centers, Inc.*, 271 F. Supp. 2d 732, 733 (D. Md. 2003), Judge Blake of this Court summarized the applicable principles:

> Diversity jurisdiction is determined as of the date the suit is filed. *See, e.g.*, *Porsche Cars N. Am., Inc.*[, 302 F.3d at 255-56] (holding that "a court determines the existence of diversity jurisdiction 'at the time the action is filed,' regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy") (citations omitted). Thus, even if "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co.*[, 303 U.S. at 292]; *see also Thompson v. Victoria Fire & Cas. Co.*, 32 F. Supp. 2d 847, 849 (D.S.C. 1999); *Morris v. Naugle*, 722 F. Supp. 1285, 1286-87 (D. Md. 1989). Diversity jurisdiction existed when the action was filed and removed to this court; the plaintiff's amended complaint reducing the damages claimed provides no basis for remanding this case.

Applying these principles, it is apparent that plaintiffs' amendment of the *ad damnum* clause following removal does not defeat federal jurisdiction. At the time of removal, which is the relevant time for purposes of determining this Court's jurisdiction, the operative Complaint sought damages in excess of $75,000. *See, e.g.*, *Gardner*, 271 F. Supp. 2d at 733. As a result, remand of this case is unwarranted based upon the revised *ad damnum* in the Amended Complaint.

**Conclusion**

For the foregoing reasons, I shall deny plaintiff's Motion. An Order follows.

Date: September 21, 2018         /s/
                                 Ellen L. Hollander
                                 United States District Judge